# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | | |
|---|---|---|
| ANDRE WINGO | * | CIVIL ACTION NO.  12-0519 |
| VERSUS | * | JUDGE JAMES T. TRIMBLE, JR. |
| BIOMAT PLASMA, INC., ET AL. | * | MAG. JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

The District Court referred this matter to the undersigned magistrate judge for review and report and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing order(s) of the Court.  For reasons that follow, it is recommended that plaintiff's complaint be **DISMISSED**.

## Background

On February 24, 2012, pro se plaintiff Andre Wingo filed the instant civil rights complaint under 42 U.S.C. § 1983 against Biomat Plasma, Inc. ("Biomat") and "Angela," a Biomat phlebotomist.  (Compl.).  Wingo alleges that on February 2, 2012, while trying to donate plasma at Biomat, Angela, his assigned phlebotomist, failed to properly secure a tourniquet on plaintiff's withdrawal tube, which caused him to lose a large quantity of blood after Angela punctured his vein.  *Id*.  Plaintiff contends that Biomat's negligent failure to properly supervise Angela also contributed to the incident.  *Id*.

Plaintiff seeks injunctive relief requiring Biomat to properly supervise its phlebotomists, plus compensatory damages against each defendant in the amount of $500,000.  *Id*.   On March

1, 2012, the court granted plaintiff's application to proceed *in forma pauperis* ("IFP"). (March 1, 2012, Order).

**Analysis**

In any case where the court has authorized the plaintiff to proceed IFP, the court, at any time, shall dismiss a defendant against whom the action: proves patently frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief that is barred by a defense of immunity. *See* 28 U.S.C. 1915(e)(2)(B) & (C). The court may screen the complaint and enter such dismissals, *sua sponte. See e.g., Allard v. Quinlan Pest Control Co., Inc.*, 387 Fed. Appx. 433, 440 (5th Cir. July 13, 2010) (unpubl.); *Chapman v. Arlington Housing Authority*, 145 Fed. Appx. 496 (5th Cir. Oct. 12, 2005) (unpubl.). In so doing, the court may consider affirmative defenses that are apparent from the record. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).[1]

## I. Failure to State a Claim Upon Which Relief Can Be Granted

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A pleading states a claim for relief when, *inter alia*, it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . ." Fed.R.Civ.P. 8(a)(2). To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp.*

---

[1] An early determination of the merits of an IFP complaint provides significant benefit to courts (because it permits effective and efficient use of scarce resources), to defendants (because it frees them from the burdens of patently meritless and harassing litigation), and to plaintiffs (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). *See Ali, supra.*

*v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007)).  A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  *Plausibility* does not equate to *possibility* or *probability*; it lies somewhere in between.  *See Iqbal, supra*.  Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim.  *See Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965.  Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions.  *Iqbal, supra*.  A pleading comprised of  "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8.  *Id*.  "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim."  *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 155 (5th Cir. 2010).

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id*. (citation omitted).   A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely.  *Twombly, supra*.  Nevertheless, a court is compelled to dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory.  *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989).

When considering a motion to dismiss, courts generally are limited to the complaint and its proper attachments.  *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted).  However, courts may rely upon "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."  *Id*.  Additional documents

also are considered "part of the pleadings," if plaintiff refers to them in his complaint, and they are central to his claim.  *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000) (citations omitted).

## II.     42 U.S.C. § 1983

Under 1983, any person who, under color of state law, deprives another of  "any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . ." *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997) (citing 42 U.S.C. § 1983).  Section 1983 does not create any substantive rights, however; it simply provides a remedy for the rights designated therein.  *Id*.  "Thus, an underlying constitutional or statutory violation is a predicate to liability under § 1983." *Id*.  (citation omitted).

"To state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Leffall v. Dallas Independent School District*, 28 F.3d 521, 525 (5th Cir. 1994).  The first inquiry is whether plaintiff has alleged a violation of a constitutional right at all.  *Id*.  *Piotrowski v. City of Houston*, 51 F.3d 512, 515 (5th Cir. 1995).  Here, however, plaintiff's complaint does not set forth any constitutional right that defendants purportedly abridged.

Moreover, even if plaintiff were to allege a constitutional violation, he still has not established § 1983's additional requirement that the constitutional deprivation stem from a person acting "under color of state law."  The "under color of state law" requirement is satisfied by proof that the conduct causing the deprivation is "fairly attributable to the state." *Landry v. A-*

4

*Able Bonding, Inc.*, 75 F.3d 200, 203 (5th Cir. 1996) (citation omitted).  "Fair attribution," in

turn, requires "(1) that the deprivation is caused by the exercise of a state-created right or

privilege, by a state-imposed rule of conduct, or by a person for whom the state is responsible,

*and* (2) that the party charged with the deprivation may be fairly described as a state actor."

*Id.* (citation omitted) (emphasis added).

Again, however, plaintiff's complaint is devoid of any allegation or suggestion that either

defendant was acting "under color of state law," as defined above.  Indeed, "the

under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no

matter how discriminatory or wrongful.*"  Richard v. Hoechst Celanese Chemical Group, Inc.*,

355 F.3d 345, 352 (5th Cir. 2003) (quoted source omitted).  Thus, the court necessarily finds that

plaintiff's complaint  fails to state a cognizable civil rights claim.

## II.    State Law Claims

To the extent that plaintiff's complaint may be liberally construed to assert an additional

claim arising under state law (e.g., a tort claim for negligence/medical malpractice), when, as

recommended here, all federal law claims that conferred federal subject matter jurisdiction are

dismissed, the court may decline to exercise supplemental jurisdiction over any remaining state

law claims.  28 U.S.C. § 1367.[2]  In fact, this is the general rule.  *Priester v. Lowndes County*,

354 F.3d 414, 425 (5th Cir. 2004) (citation omitted).  The twin interests of comity and efficiency

dictate that any remaining state law claims be dismissed without prejudice.  28 U.S.C. § 1367(c).[3]

---

[2]    In the case *sub judice*, there is no indication that the court may exercise diversity
jurisdiction, 28 U.S.C. § 1332.

[3]    The limitations period is tolled for a minimum of 30 days after dismissal.  *See* 28
U.S.C. § 1367(d).

5

III.     **Amendment**

Generally, the court should not dismiss a pro se complaint without affording the plaintiff an opportunity to amend his complaint. *Ybarra v. Meador*, 427 Fed. Appx. 325, 326 (5th Cir. June 3, 2011) (unpubl.) (citation omitted).  Thus, to the extent that plaintiff harbors a *good faith* basis to redress, via amendment, the proposed grounds for dismissal set forth herein, he should promptly effect same.

**Conclusion**

For the foregoing reasons,

**IT IS RECOMMENDED** that judgment be rendered in favor of defendants, Biomat Plasma, Inc. and "Angela," a Biomat phlebotomist, dismissing, with prejudice, plaintiff's claims arising under the Constitution and laws of the United States.  Fed.R.Civ.P. 12(b)(6).

**IT IS FURTHER RECOMMENDED** that any remaining state law claims be DISMISSED, without prejudice.  28 U.S.C. § 1367(c).

Finally, the recommended dismissals are subject to plaintiff's right to amend his complaint to cure, *provided he has a good faith basis for doing so*, the legally deficient allegations against defendants, within the deadline to file objections to this report and recommendation.  *See* below.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of

filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 30th day of April 2012.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE